**IN THE COURT OF APPEALS OF IOWA**

No. 14-2160
Filed June 24, 2015

**IN THE INTEREST OF A.P.,**
**Minor Child,**

**B.S., Father,**
**Appellant.**

_____

Appeal from the Iowa District Court for Cherokee County, Mary L. Timko, Associate Juvenile Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

Marvin W. Miller Jr. of Miller, Miller, Miller, P.C., Cherokee, for appellant father.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Ryan Koplin, County Attorney, and Kristal L. Phillips, Assistant County Attorney, for appellee State.

David A. Dawson of Law Office of David A. Dawson, Sioux City, attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**POTTERFIELD, J.**

A putative father, B.S., appeals the termination of his parental rights. The State and the guardian ad litem have filed briefs supporting the termination.

A.P. was born in 2007. B.S.'s paternity has never been established and B.S. has not seen the child since 2012.[1] The juvenile court found clear and convincing evidence the father had abandoned the child, and terminated parental rights pursuant to Iowa Code section 232.116(1)(b) (2013). On appeal, the father argues the court erred in not granting him a six-month extension to re-establish significant, meaningful contact with his child; the department of human services did not make reasonable efforts at reunification; and termination was not in the child's best interests.

The father does not challenge the juvenile court's finding that grounds for termination exist. *See* Iowa Code § 232.116(1)(b) (defining abandonment); *see In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (noting we skip first step of three-step analysis where parent does not contest grounds for termination). Upon our de novo review, *see In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014), we find no reason to disturb the juvenile court's finding that termination is in the child's best interests, *see* Iowa Code § 232.116(2), and further, no section 232.116(3) factor precludes termination here. The father has not seen the child since fall 2012 or spring 2013. He received notice of the juvenile court proceedings in March 2014, and the department made several efforts to involve him. The father's complaint that his reading disability hindered his understanding of the significance of the

---

[1] A.P. has been raised by her mother, whose parental rights were not terminated, and her stepfather.

juvenile court proceedings does not mitigate his lack of involvement with this child before or since then. Though no longer involved with the mother of the child, the father did occasionally see the child for some time following the end of the relationship. He had the mother's telephone number and did send his own new telephone number to her via text message during the juvenile court proceedings. Efforts to contact the father during the juvenile court proceedings were unsuccessful, although he did appear and testify at the termination trial. The juvenile court found the father "simply became too complacent to continue a relationship with [the child] and she was not an important piece in his life." The father has not provided any consistent financial assistance for the child. Under these circumstances, (even if the option were available to the juvenile court[2]) granting additional time to *re-establish* a non-existent relationship with the child was not in the child's best interests. *See In re D.M.*, 516 N.W.2d 888, 891 (Iowa 1994) ("'Parental responsibilities include more than subjectively maintaining an interest in a child. The concept requires affirmative parenting to the extent it is practical and feasible in the circumstances.'" (citation omitted)). We affirm the termination of the father's parental rights.

**AFFIRMED.**

---

[2] The termination of the father's parental right was set for hearing on September 24, 2014. The father appeared before the court for the first time then and requested the appointment of counsel. A review hearing was held on October 14, 2014, after which B.S.'s rights were terminated. The guardian ad litem asserts the juvenile court had no authority to grant an extension because the child had never been out of the mother's custody, thus no permanency hearing was held, and granting an extension is not an available legal option. *See* Iowa Code § 232.104(2)(b)(2) (allowing an extension after a permanency hearing).